CLEVENGER, Circuit Judge,
dissenting in part.
I part company with the court on only one issue, which is the scope of the district court’s further action on remand.
The majority concludes that the district court was correct as a matter of law in holding that the ordinary observer must find anticipation when comparing the four different exterior design elements of the patented designs with the Crocs design patent. However, with regard to the comparable insole designs, the majority ascertains a sufficient difference to preclude anticipation as a matter of law. The majority thus concludes that the law permits dissection of a design as a whole into its component pieces. With laser-like focus, the fact finder is permitted to decide that the changes on the top of the clogs are trivial enough to sustain anticipation. The same holds for changed design elements on the lower portions of the clogs, the shape of the toe portions and the raised pattern of the outsoles. Because the majority is not satisfied that the same can be said of the changed insole design, which the district court erroneously refused to assess, the insole design is carved out of the overall design and independently remanded for further proceedings.
As recognized by the majority, the ordinary observer test requires assessment of the designs as a whole. See Egyptian Goddess v. Swisa, Inc., 543 F.3d 665, 675 (Fed.Cir.2008) (en banc); Contessa Food Prods., Inc. v. Conagra, Inc., 282 F.3d 1370, 1378 (Fed.Cir.2002); OddzOn Prods., Inc. v. Just Toys, Inc., 122 F.3d 1396, 1405 (Fed.Cir.1997). I agree that the differences in the inner sole designs are to be assessed as part of the anticipation inquiry. But the differences in the inner sole designs must be appreciated in conjunction with all of the design differences. This is so especially with regard to the differing number and arrangement of the circular openings on the upper of the clogs.
*1245 [[Image here]]
When the two designs are observed from above, as shown in the above figures, the distinctions in the different number and location of the circular openings on the upper of the clogs are apparent, in addition to the different insole designs. And when the differing insoles are sorted in the mind of the ordinary observer along with the four external differences of the clogs, the ordinary observer surely reaches a different conclusion about the designs as a whole than when the ordinary observer only looks at the differences in the insoles.
The effect of the majority bifurcation of the insole design differences from the exterior design differences, and the piecemeal adjudication of the exterior design differences, is to treat the patents on remand as without any exterior design. The fact finder will only assess anticipation on the basis of design differences on the insoles. I think this violates the rule for anticipation that the designs have to be compared as a whole. The effect of the summation of all the design differences is what counts, not the comparison of differences one by one, isolated from each other. Such an approach invites the problems we sought to eliminate by rejecting the “point of novelty” test. As the court stated in Egyptian Goddess, when there are several different alleged points of novelty, “[t]he attention of the court may therefore be focused on whether the accused design has appropriated a single specified feature of the claimed design, rather than on the proper inquiry, i.e., whether the accused design has appropriated the claimed design as a whole.” 543 F.3d at 667. Remanding for adjudication of anticipation solely on the insole inappropriately focuses the fact finder on a single specified feature of the claimed design.
The majority has forged a new rule for design patent anticipation, if not for infringement as well. The new rule is that the “design as a whole” rule
does not prevent the district court on summary judgment from determining that individual features of the design are insignificant from the point of view of *1246 the ordinary observer and should not be considered as part of the overall comparison. The mandated overall comparison is a comparison taking into account significant differences between the two designs, not minor or trivial differences that necessarily exist between any two designs that are not exact copies of one another. Just as “minor differences between a patented design and an accused article’s design cannot, and shall not, prevent a finding of infringement,” Litton, 728 F.2d at 1444, so too minor differences cannot prevent a finding of anticipation.
Maj. Op. at 1243.
The majority’s reliance on Litton Systems, Inc. v. Whirlpool Corp., 728 F.2d 1423 (Fed.Cir.1984), to support its new rule is misplaced. The quotation from the Litton opinion is in the context of that court’s faithful application of the “design as a whole” rule. Minor differences between one design taken as a whole and another design likewise appreciated (the “mandated overall comparison”), of course, cannot fool the ordinary observer. So the court in Litton, after earlier quoting verbatim from Gorham Co. v. White, was correct in stating “that minor differences between a patented design and an accused article’s design cannot, and shall not, prevent a finding of infringement.” 728 F.2d at 1444 (emphasis added). The majority would have us believe that the Litton decision authorizes dissection of designs into component parts for purposes of partial summary judgments of anticipation or infringement. That is not correct and runs counter to precedent.[1]
The district court should be directed on remand to evaluate the differences in the designs as a whole. Partial judgments of anticipation on segments of a design prohibit assessment of designs as a whole, in violation of long-standing law, starting with Gorham.

. See, e.g., Braun Inc. v. Dynamics Corp. of Am., 975 F.2d 815, 820 (Fed.Cir.1992) (“In evaluating a claim of design patent infringement, a trier of fact must consider the ornamental aspects of the design as a whole and not merely isolated portions of the patented design.”) (citing In re Salmon, 705 F.2d 1579, 1582 (Fed.Cir.1983)); In re Rubinfield, 47 C.C.P.A. 701, 270 F.2d 391, 395 (1959) ("It has been consistently held for many years that it is the appearance of a design as a whole which is controlling in determining questions of patentability and infringement.”), cert. denied, 362 U.S. 903, 80 S.Ct. 611, 4 L.Ed.2d 554 (1960).